**IN THE COURT OF APPEALS OF IOWA**

No. 14-1968
Filed January 14, 2015

**IN THE INTEREST OF C.G.,**
     **Minor Child,**

**B.G., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Union County, Monty W. Franklin,

District Associate Judge.

A father appeals the termination of his parental relationship with his four-

year-old son. **AFFIRMED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, and Timothy R. Kenyon, County Attorney, for appellee.

Todd Nielsen of Kenyon and Nielsen, P.C., Creston, attorney and

guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**TABOR, J.**

The juvenile court terminated the father's parental rights to his son, C.G., under Iowa Code sections 232.116(1)(f) and (*l*) (2013). The father appeals, claiming termination was "premature" and not in his son's best interest because of their close bond. Although the record shows the father has the potential to be a good parent when he is sober, he has continued to struggle with his alcoholism and the "poor choices" that have come with his drinking. Because the father made little to no progress between May and November 2013, termination was necessary to foster C.G.'s stability and development.

C.G. first came to the attention of the Iowa Department of Human Services (DHS) in March 2012 following reports that his parents were not exercising a reasonable degree of care and exposed the child to domestic violence. The court adjudicated C.G. as a child in need of assistance (CINA) on May 24, 2012, under Iowa Code section 232.2(6)(c)(2). This disposition continued following a June 7, 2012 hearing; the court allowed C.G. to remain in his father's custody.

The DHS removed C.G. from the father's care on September 23, 2012, and custody transferred to the mother. On January 17, 2013, the court moved C.G.'s custody from the parents to the DHS. On August 7, 2013, the State filed a petition to terminate the parental rights of C.G.'s father and mother.[1]

But the father entered outpatient substance abuse treatment and regularly participated in other DHS-recommended services. His significant progress led to the dismissal of the petition against him on October 9, 2013. Continued progress

---

[1] The juvenile court terminated the mother's parental relationship with C.G. in November 2013 and she is not a party to this appeal.

allowed the father to have C.G. for a trial home placement. Unfortunately, the home placement ended in March 2014. On March 12, 2014, the court entered an order removing C.G. from the father's custody following his arrest for sexual abuse assault involving a fifteen-year-old girl and for dissemination of obscene materials.[2] Following his son's removal and his own arrest, the father went on a drinking binge and ended up in the hospital for treatment of alcohol poisoning. Since that episode, the father has taken several steps backward in his treatment and has made minimal effort to participate in services. The father has had little contact with C.G. since July 2014.

The State filed its petition on June 10, 2014, alleging sections 232.116(f) and (*l*) as grounds for termination of the father's parental rights. The juvenile court held a termination hearing on September 3, 2014. The DHS case worker and the father testified. In an order issued November 14, 2014, the court terminated the father's parental rights, citing both subsections urged by the State. The father now appeals.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The State must prove the grounds for termination by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Our primary concern is the child's best interest. *Id.* Under section 232.116, termination decisions follow a three-step analysis. *In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010). First, the court must decide if the statutory grounds are met.

---

[2] The father later pleaded guilty to sexual abuse in the third degree and was on probation at the time of the hearing. He also is on the sex offender registry and is prohibited from contact with children.

*Id.* If the grounds are met, the court must consider whether termination is in the child's best interests under framework in section 232.116(2) and whether any of the factors in section 232.116(3) tip the scales away from termination. *Id.*

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm on any ground. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

The father acknowledges the State proved the elements of paragraph (f) by clear and convincing evidence as C.G. was more than four years of age, adjudicated as CINA, removed from the custody of the father for twelve of the last eighteen months, and could not be returned to the father's care at the present time. Accordingly, we affirm termination on that ground. But the father claims the sixty-day trial home period shows the strong bond between him and C.G. He claims termination was "premature given [his] progress." The father's progress came to a screeching halt in March 2014 when he committed statutory rape and was hospitalized for alcohol poisoning. He has not reengaged in services in a meaningful way since then, does not have appropriate housing, and continues to use alcohol. The record does not support the father's argument that termination was too hasty.

We also address the father's argument under subsection (*l*). The juvenile court correctly set forth the elements of subsection (*l*),[3] and determined the father

---

[3] To terminate under (*l*), the court must find clear and convincing evidence in support of the following elements: (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102; (2) The parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts; (3) There is

had a "severe substance-related disorder" as defined in Iowa Code section 125.2(14). On appeal, the father quotes outdated language for subsection (*l*), but does not challenge the State's proof of the elements. Instead, the father contends his alcoholism was not cause for termination because he was "subject to stringent probation requirements that included electronic alcohol monitoring to control his alcoholism."

We are not comforted by the father's contention. The father has not demonstrated the ability to stay sober when not being strictly monitored. The DHS worker testified the father told his therapist he did not have a drinking problem and used C.G. as his only reason not to drink. After being hospitalized for alcohol poisoning, the father continued to consume alcoholic beverages. We find termination of parental rights under subsection (*l*) was appropriate.

To the extent the father is raising a claim under section 232.116(2), we conclude it is not in C.G.'s best interest to prolong his wait for a stable and wholesome living environment. C.G.'s safety, as well as his long-term nurturing and emotional growth, is best served by terminating the father's parental rights and giving C.G. a chance at permanency. The social worker testified C.G. has adjusted well to his foster family in the two months leading up to the termination hearing and "really feels at home in their home." C.G.'s integration into his foster family weighs against the father's best-interest argument.

---

clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

Finally, the father contends his close bond with C.G. serves as reason not to terminate the relationship under section 232.116(3)(c). The district court found "[The father] has been given several opportunities to become a reliable and nurturing father for [C.G.], but he has chosen to place his needs, his alcohol use and his chaotic and unstable lifestyle ahead of C.G.'s needs and best interests." We agree. The record does not show termination would be detrimental to C.G. because of the closeness of their relationship. Any bond shared by C.G. and the father does not outweigh the child's need for permanency. *See A.M.*, 843 N.W.2d at 113.

**AFFIRMED.**